Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Defendant,
ACE Fire Underwriters Insurance Company (improperly pled as "ACE Insurance Co.")

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| QBE INSURANCE CORP.,<br>    Plaintiff,<br><br>v.<br><br>ACE INSURANCE CO.,<br>    Defendant. | Civil Action No. _____<br><br><br>**NOTICE OF REMOVAL** |

TO:    William T. Walsh, Clerk
       United States District Court for the District of New Jersey
       M.L. King, Jr. Federal Building and U.S. Courthouse
       50 Walnut Street
       Newark, New Jersey 07101-0419

Pursuant to 28 U.S.C. § 1441(a), Defendant ACE Fire Underwriters Insurance Company

(improperly pled as "ACE Insurance Co.") (hereinafter, "ACE") removes this action to this

Court, and respectfully states:

1.    ACE is a named defendant in a civil action pending against it in the Superior

Court of New Jersey, Essex County, entitled, QBE Insurance Corp. v. ACE Insurance Co.,

Docket No. ESX-L-6117-09.

2.    The action is removable to this Court pursuant to 28 U.S.C. § 1441(a) in that, as

shown below, it is one over which the District Courts of the United States have original

jurisdiction under 28 U.S.C. § 1332(a) because the plaintiff and defendant are citizens of different states.

3.      Upon information and belief, Plaintiff is incorporated under the laws of Australia and maintains a principal place of business in the State of New York.

4.      ACE is organized under the laws of the State of Pennsylvania and maintains a principal place of business in the State of Pennsylvania.

5.      Upon information and belief, Plaintiff will allege that the damages, exclusive of interest and costs, exceed $75,000, pursuant to 28 U.S.C. § 1332(b).

6.      Upon information and belief, complete diversity exists and Plaintiff will claim that the matter in controversy exceeds the sum or value of $75,000 and, therefore, this action may be removed pursuant to 28 U.S.C. § 1441(a).

7.      ACE has not been served at its principal place of business in Pennsylvania, nor has service been effectuated on its registered agent in New Jersey, or upon counsel for ACE in New Jersey.

8.      In particular, on or about August 6, 2009, during the course of a routine review of an electronic report from a subscriber-based service listing new cases filed each day in New Jersey, the undersigned noticed that the firm's client, ACE, was named as a defendant in this matter.

9.      Although this firm had not been retained by ACE to represent it in this matter, the undersigned informed ACE of the filing of this matter and obtained a copy of the Complaint through the subscriber-based service.

10.     Thereafter, ACE retained this firm to represent it in this matter.

2

11.    On or about August 13, 2009, the undersigned spoke with counsel for Plaintiff, QBE Insurance Corp. ("QBE"), and agreed to accept service of the Complaint.  To date, however, QBE has not served ACE or its agent or counsel with the Complaint.

12.    Reserving the right to assert any and all challenges that may attach to the service and process of the Complaint, but using the date of August 13, 2009, to calculate the applicable time period for proper removal, this Notice of Removal is timely.

13.    Attached hereto as Exhibit A is the Complaint filed in the state court action, along with the Case Information Statement and Track Assignment Notice, which is the only process, pleading or order in possession of ACE at this time.

WHEREFORE, Defendant ACE Fire Underwriters Insurance Company request that this action proceed as an action removed to this Court.

> CONNELL FOLEY LLP
> Attorneys for Defendant,
> ACE Fire Underwriters Insurance Company
>
> By:    s/ Daren S. McNally
>        DAREN S. McNALLY

Dated: September 11, 2009

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in this Court or any other court, or of any pending arbitration or administrative proceedings, with the exception of, upon information and belief, Clemente v. New Jersey Transit, et al. v. Beaver Concrete Construction Co., Superior Court of New Jersey, Law Division, Docket No. ESX-L-8977-08.  ACE Fire Underwriters Insurance Company is not aware at this time of any other parties who should be joined in this action.

2205982-01

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

CONNELL FOLEY LLP
Attorneys for Defendant,
ACE Fire Underwriters Insurance Company

By:____s/ Daren S. McNally_____

Dated: September 11, 2009                    DAREN S. McNALLY


## APPLICATION AND CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

Pursuant to Local Civil Rule 201.1(d), it is hereby requested that this case not be designated or processed for compulsory arbitration because (1) the relief sought consists of declaratory judgment, in addition to monetary damages; (2) the monetary relief sought may be in excess of $150,000; and (3) circumstances may exist as encompassed within Local Civil Rule 201.1(e)(6) because this case involves complex legal issues, the legal issues predominate over the factual issues and other good cause exists.

CONNELL FOLEY LLP
Attorneys for Defendant,
ACE Fire Underwriters Insurance Company

By:____s/ Daren S. McNally_____

Dated: September 11, 2009                    DAREN S. McNALLY

4

2205982-01

## CERTIFICATE OF SERVICE

This is to certify that, on this date, the foregoing Notice of Removal with attached pleading from state court action, Civil Cover Sheet, Federal Rule of Civil Procedure 7.1 Disclosure Statement, and copy of Notice to Clerk of Superior Court of New Jersey, Essex County, of filing of Notice of Removal, were filed and served upon the Clerk of the Court by electronic filing, and upon Robert B. Hille, Esq., Kalison, McBride, Jackson & Hetzel, P.C., 25 Independence Boulevard, Warren, New Jersey 07059, counsel for Plaintiff QBE Insurance Corp., by electronic mail and New Jersey Lawyers Service, and upon the Clerk of the Superior Court of New Jersey, Essex County, Essex County Courts Building, 50 West Market Street, Newark, New Jersey 07102, by New Jersey Lawyers Service.

CONNELL FOLEY LLP
Attorneys for Defendant,
ACE Fire Underwriters Insurance Company


By:   s/ Daren S. McNally
        DAREN S. McNALLY

DATE:  September 11, 2009

2205982-01

# EXHIBIT A



**Kalison McBride, Jackson & Hetzel,**
25 Independence Boulevard
P.O. Box 4990
Warren, New Jersey, 07059
(908) 647-4600
Attorneys for Plaintiff QBE Insurance Corp.

SUPERIOR COURT OF NEW JERSEY
CIVIL DIVISION
ESSEX COUNTY
JUL 2 8
RECEIVED

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX COUNTY
JUL 2 8 2009
FINANCE DIVISION
RECEIVED/FILED

| | |
|---|---|
| QBE INSURANCE CORP., <br><br> Plaintiff, <br><br> vs. <br><br> ACE INSURANCE CO., <br><br> Defendant | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION – ESSEX COUNTY <br><br> Docket No. L-6117-09 <br><br> Civil Action <br><br> **COMPLAINT FOR** <br> **DECLARATORY JUDGMENT** |

Plaintiff, QBE INSURANCE CORP. ("QBE"), by way of Complaint against ACE

INSURANCE CO. ("ACE") says:

## Background

1.    This coverage suit arises out of the underlying claims prosecuted by Sherry

Clemente, individually and as Administratrix and Administratrix Ad Prosequendum of the Estate

of Anthony Clemente against defendants New Jersey Transit, New Jersey Transit Rail

Operations, and New Jersey Department of Transportation, which claims are the subject of a

lawsuit instituted in the Superior Court of New Jersey, Law Division, Docket No. ESX-L-8977-

08 ("Underlying Complaint").

2.    Subsequent to the filing of the above litigation, New Jersey Transit and New

Jersey Transit Rail Operations (collectively "N.J. Transit") filed a Third-Party Complaint against

Beaver Concrete Construction Co., Inc ("Third-Party Complaint").

3.    On May 14, 2007, the Commissioner for the New Jersey Department of

Transportation awarded to Beaver Concrete Construction, Inc. ("Beaver"), a project involving

minor widening, resurfacing and superstructure replacement of the 3rd, 5th, 6th, 7th Streets and

Roseville Avenue bridges over the New Jersey Transit Morristown Line. As a consequence of

that award, a contract was signed on June 7, 2007, which included Contract No.: ESS023440 for

the 3rd, 5th, 6th, 7th Streets and the Roseville Avenue bridges in Newark, New Jersey.

4.      Allegedly while performing work in connection with the above contract, on

February 25, 2008, Anthony Clemente was performing work in the vicinity of the North 7th

Street Bridge for the New Jersey Transit Morris and Essex rail line.

5.      Mr. Clemente was allegedly installing a wood shield on a concrete wall bridge

abutment that was to be demolished and reconstructed.

6.      The crew, including Mr. Clemente, was working from the back of a "Hi Rail"

Rack Body scissor lift truck to access the work (the "Scissor Lift Truck").

7.      During the work, there allegedly was an explosion and fire that caused Mr.

Clemente to be knocked unconscious and his clothes set on fire.

8.      It is alleged that Mr. Clemente was struck by an electrical arc from catenary wires

from New Jersey Transit's and/or New Jersey Transit Rail Operation's Morristown Line.

9.      Mr. Clemente succumbed to his injuries on March 1, 2008.

10.     The Scissor Lift Truck involved in the accident was identified as a 1992 GMC

Cooper Scissor Lift with VIN: 1GDP7H1J3NJ530349, License Plate: YN284A, and the

capability to travel on public roadways to carry personnel and equipment.

11.     At the time of the accident, the Scissor Lift Truck had been rented by Beaver from

the vehicle's owner, TNT Equipment Sales and Rentals, Inc. ("TNT").

12.     The Underlying Complaint was filed by Sherry Clemente seeking damages for

negligence under the Survivorship Act and Wrongful Death Act in addition to loss of

2

consortium, companionship, and services from her husband. Thereafter, the Third-Party Complaint was filed claiming Contractual Indemnification and Breach of Contract by Beaver on behalf of N.J. Transit.

## QBE Commercial General Liability Policy and Commercial Automobile Policy

13.　At the time of the underlying incident, Beaver was insured by QBE under two policies: a Commercial General Liability Policy, Policy No. HBG00755-4 ("CGL Policy") and a Commercial Automobile Policy, Policy No. HBA00754-4 ("Auto Policy").

14.　The CGL Policy excludes under "Section I, Coverage A-Bodily Injury and Property Damage Liability, 2. Exclusions, g. – Aircraft, Auto or Watercraft":

> "Bodily Injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto," or watercraft owned or operated by or rented or loaned to any insured, Use includes operation and "loading and unloading."

15.　The CGL Policy thereafter defines "auto" under "Section V-Definitions, 2. Auto" as "a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment, including any attached machinery or equipment."

16.　TNT's vehicle falls within the definition of "auto" under this exclusion.

17.　Thus, coverage was excluded under the CGL Policy since the Scissor Lift Truck was in use during the incident, was designed for transportation on public roadways to carry personnel and equipment, and has a VIN number and license plates.

18.　Pursuant to the terms of Beaver's Auto Policy with QBE, "Section IV-Business Auto Conditions, B. General Conditions, 5. Other Insurance" provides that "[f]or any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance."

3

19.    Therefore, since the Scissor Lift Truck being used at the time of the injury was not owned by Beaver, but rather by TNT, the QBE Auto Policy is excess under the above provision.

## ACE Insurance Company Policy with TNT

20.    Upon information and belief, ACE Insurance Company ("ACE"), a corporation with offices located at 436 Walnut Street, Philadelphia, Pennsylvania 19106, provides insurance coverage for TNT's rental vehicles.

21.    Upon information and belief, the ACE Policy provides primary coverage for the Clemente claim for TNT and for Beaver through its insured, additional insured, and/or extended insured provisions.

22.    Correspondence was sent to ACE on March 24, 2009 informing ACE that its insured, TNT, had entered into a contract to defend and indemnify Beaver and therefore ACE was being placed on notice of these claims and a demand was made that they defend and indemnify Beaver in the Third-Party Complaint.

23.    ACE responded rejecting the demand to indemnify and defend as primary coverage.

24.    ACE has therefore breached its duty by failing to undertake its obligation in good faith to defend and indemnify Beaver and further breached its duty by failing to acknowledge that its policy with TNT affords coverage to Beaver for the matters alleged in the Third-Party Complaint.

WHEREFORE, Plaintiff, QBE seeks Judgment declaring that:

1.    The policies of insurance issued by ACE to TNT cover Beaver on a primary basis for the matters alleged in the Third-Party Complaint;

4

2.      ACE is obligated to defend Beaver on a primary basis with respect to the demand made by QBE;

3.      ACE is obligated to pay any judgment that may be entered against Beaver, or pay any settlement that may be entered into by Beaver;

4.      ACE is obligated to reimburse QBE for all of its costs and expenses in defending the Third-Party Complaint and for expenses in bringing and prosecuting this action for coverage;

5.      QBE is entitled to such other relief as may be just and equitable under the circumstances together with interest, costs of suit and counsel fees for the necessity of bringing this action.

## CERTIFICATION

Pursuant to R. 4:5-1, this is to certify that, to the best of my knowledge, the within matter is not the subject of other actions pending in any court or arbitration proceeding, other than the Underlying Complaint and Third-Party Complaint referred to herein, Clemente v. New Jersey Transit, et al. v. Beaver Concrete Construction Co., Inc., Superior Court of New Jersey, Law Division, Docket No. ESX-L-8977-08.

KALISON, McBRIDE, JACKSON & HETZEL, P.C.
Attorneys for Plaintiff QBE Insurance Corp.

By_____
        ROBERT B. HILLE, ESQ.

DATED: July 24, 2009

5

| **CASE INFORMATION STATEMENT**<br>**(CIS)**<br>Use for initial Law Division – Civil part pleadings (not motions) under Rule 4:5-1.<br>**Pleading will be rejected for filing, under Rule1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.** | **FOR USE BY CLERK'S OFFICE ONLY**<br>PAYMENT TYPE:  CK    CG   CA<br><br>CHG / CK NO.<br><br>AMOUNT:<br><br>OVERPAYMENT:<br><br>BATCH NUMBER: |
|---|---|

| ATTORNEY/PROSE NAME<br>Robert B. Hille, Esq. | TELEPHONE NUMBER<br>(908) 647-4600 | COUNTY OF VENUE<br>Essex County |
|---|---|---|
| FIRM NAME (IF APPLICABLE)<br>KALISON, McBRIDE, JACKSON & HETZEL, P.C. | | DOCKET NUMBER (WHEN AVAILABLE) |
| OFFICE ADDRESS<br><br>25 INDEPENDENCE BOULEVARD<br>WARREN, NJ  07059 | | DOCUMENT TYPE<br>Complaint for Declaratory Judgment |
| | | JURY DEMAND<br>☐ YES   ☒ NO |

| NAME OF PARTY (E.G. JOHN DOE, PLAINTIFF)<br>QBE Insurance Corp. | CAPTION<br>QBE Insurance Corp. v. ACE Insurance Co. |
|---|---|
| CASE TYPE NUMBER<br>(SEE REVERSE SIDE FOR LISTING)<br>505 | NAME OF DEFENDANTS PRIMARY INSURANCE COMPANY, IF KNOWN<br><br>☐ NONE       ☐ UNKNOWN |
| RELATED CASES<br>PENDING<br>  ☒ YES    ☐ NO | IF YES, LIST DOCKET NUMBERS<br><br>ESX-L-8977-08 |

| DO YOU ANTICIPATE ADDING ANY PARTIES (ARISING OUT OF SAME TRANSACTION OR OCCURRENCE). | ☐ YES   ☒ NO |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☐ YES ☒ NO | IF YES, IS THAT RELATIONSHIP  ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |  |
|---|---|---|
| B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?    ☐ YES ☒ NO | | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ESSEX VICINAGE |
| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION: | | JUL 2 8 2009<br><br>FINANCE DIVISION<br>RECEIVED/FILED |

| ♿ DO YOU OR YOUR CLIENT HAVE ANY NEEDS UNDER THE AMERICANS WITH DISABILITIES ACT?    ☐ Yes  ☒ NO | IF YES, PLEASE IDENTIFY_____ |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>    ☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE_____ |

| ATTORNEY SIGNATURE |
|---|
| _(signature)_ |



**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT/COMMERCIAL TRANSACTION. |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 601 | ASBESTOS |
| 248 | CIBA GEIGY | 619 | VIOXX |
| 264 | PPA | | |

999 OTHER (Briefly describe nature of action) _____

_____

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

Revised Effective 4/1/05

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK        NJ 07102

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 693-6851
COURT HOURS

DATE:    JULY 30, 2009
RE:      QBE INSURANCE CORP VS ACE INSURANCE CO
DOCKET: ESX L -006117 09

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 1.

DISCOVERY IS    150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON DENNIS F. CAREY

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT: (973) 693-6534 EXT 6468.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

ATTENTION:

ATT: ROBERT B. HILLE
KALISON MCBRIDE JACKSON & M
KALISON MCBRIDE JACKSON HETZEL
25 INDEPENDENCE BLVD PO BOX 4990
WARREN        NJ 07059-2720

JUDCV