**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

QBE INSURANCE CORP.,

                Plaintiff,

v.

ACE INSURANCE CO.,

                Defendant.

Civ. Action No. 09-4691

**<u>OPINION & ORDER</u>**

**<u>Katharine S. Hayden, U.S.D.J.</u>**

This matter comes before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Michael A. Shipp [D.E. 12] filed on June 7, 2010, recommending that the motion to remand [D.E. 5] this matter back to New Jersey state court, filed by plaintiff QBE Insurance Corporation ("QBE"), be denied. No objections to the R&R have been filed by any party.[1]

When no objections are made to a magistrate judge's R&R, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), advisory committee notes; *see also Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987) (stating

---

[1] Objections were due by June 24, 2010.

that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court").

Magistrate Judge Shipp recommends denying plaintiff's motion for remand, which was brought pursuant to the abstention doctrine. As an initial point, abstention is reserved for extraordinary situations, and it is "the exception not the rule." (R&R 4) (quoting *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 239 (1984)). In deciding the present motion, Magistrate Judge Shipp correctly applied the Third Circuit's three-part test that must be satisfied prior to application of the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971): (1) there is an ongoing state proceeding, which is judicial in nature; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise a claim. (R&R 3) (citing *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

Having reviewed and considered the issues of the case and the findings of Magistrate Judge Shipp, the Court is satisfied that there is no clear error on the face of the record to warrant denial of the R&R. The Court further notes that neither party has objected to Magistrate Judge Shipp's report and recommendation and that there is no clear error on the face of the record. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"). Indeed, the parties submitted a joint status letter [D.E. 13] on June 23, 2010, notifying Magistrate Judge Shipp that they have not yet begun formal discovery and that they will need to prepare Rule 26 disclosures and set an initial discovery schedule. The letter makes no reference to an objection by either party as to the findings of the R&R; rather, it notifies the Court as to the next steps in moving the case forward.

Good cause appearing,

**IT IS** on this 25th day of June, 2010, hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Shipp [D.E. 12] is adopted and incorporated as the opinion of this Court; and it is further

**ORDERED** that plaintiff's motion to remand [D.E. 5] is denied.


/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.