**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.   ROOM 2042<br>NEWARK, NJ 07102<br>973-645-3827 |

Not for Publication

**REPORT AND RECOMMENDATION**

July 14, 2011

**VIA CM/ECF**

All counsel of record

    Re:    **QBE Insurance Corporation v. ACE Insurance Company, et al.**
              **Civil Action No. 09-4691 (KSH)(MAS)**

Dear Counsel:

    This matter comes before the Court by way of Plaintiff QBE Insurance Corporation's ("QBE" or "Plaintiff") Complaint, seeking a declaratory judgment for indemnification against ACE Insurance Corporation ("ACE"). (Docket Entry Number ("Doc. No.") 1 ("Compl.").) In June 2011, QBE amended the Complaint joining Beaver Construction Company ("Beaver"), New Jersey Department of Transportation ("NJDOT"), New Jersey Transit ("NJ Transit"), New Jersey Transit Rail Operations, Inc. ("NJ Rail"), and TNT Equipment Sales and Rentals (TNT) (collectively, "Defendants"). (*See generally* Doc. No. 34 ("Amend. Compl.").) The Court subsequently requested that the parties consider remanding this matter to New Jersey state court pursuant to the *Brillhart* abstention doctrine.

    For the reasons set forth below, it is respectfully recommended that Plaintiff's Amended Complaint be remanded to state court.

I.  **BACKGROUND**

As the parties are well versed in the underlying facts of this matter, the Court will address only those facts relevant to this Report and Recommendation. Plaintiff insured Beaver, which was contracted by the NJDOT to resurface part of a NJ Transit railway line, with a Comprehensive General Liability Insurance Policy and a Comprehensive Automobile Liability Insurance Policy. On February 25, 2008, Beaver employee Anthony Clemente was performing construction work on the resurfacing project from the back of a 1992 GMC Cooper Scissor Lift Truck that Beaver had rented from TNT. At the time, TNT was insured by ACE. During the course of the project, there was an explosion and Mr. Clemente suffered serious injuries that ultimately led to his death.

On November 12, 2008, Administratix Sherry Clemente filed a tort action seeking wrongful death and survival damages against NJ Transit, NJ Rail, and NJDOT in the Superior Court of New Jersey, Law Division in Essex County, captioned *Clemente v. New Jersey Transit, et al.*, Docket No. ESX-L-8977-08. The defendants in the state action filed third-party claims against Beaver for contractual indemnification. In the state action, QBE agreed to defend Beaver under a reservation of rights. QBE then filed a separate, declaratory judgment action against ACE in the same state court, Docket No. ESX-L-6117-09, after ACE refused to defend and indemnify Beaver for primary coverage. Thereafter, ACE filed a motion to remove the matter to this Court, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In October 2009, QBE filed a motion to remand. In recommending that the motion be denied, the Undersigned relied primarily on both ACE and QBE's absence as parties in the

2

underlying *Clemente* state action. On June 25, 2010, the Honorable Katharine S. Hayden, U.S.D.J. adopted the Report and Recommendation and denied QBE's motion.

The underlying facts have subsequently changed, which warrants reconsideration of this Court's previous recommendation regarding remand. Having carefully considered the current circumstances and underlying state action, the Court now finds good cause to recommend that this matter be remanded pursuant to the abstention doctrine. First, both QBE and ACE have been joined as parties in the state action. Second, QBE has added Beaver, NJDOT, NJ Transit, NJ Rail, and TNT as parties to this declaratory action. Indeed, QBE's Amended Complaint seeks a declaration that ACE and TNT are the primary insurers of Beaver, and that it is under no obligation to defend or indemnify NJDOT or NJ Transit in the *Clemente* state action. Third, except for TNT, currently all parties in this case are parties to the state action. Finally, additional time to complete discovery has since been granted to the recently joined parties in the underlying state action and a tentative trial date is scheduled for September 2011.

## II. LEGAL STANDARD & ANALYSIS

District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, 28 U.S.C. § 2201.[1] *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). Specifically, the Declaratory Judgment Act provides:

---

[1] While the Plaintiff does not specifically reference the Declaratory Judgment Act, or the specific statute section, QBE clearly seeks declaratory relief in the Amended Complaint. (*See* Amend. Compl. 7-8.) Accordingly, this Court's consideration of the abstention doctrine under the Declaratory Judgment Act is appropriate. *See Hartford Life Ins. Co. v. Rosenfeld*, No. 05-5542, 2007 U.S. Dist. LEXIS 55819 (D.N.J. Aug. 1, 2007) (in a matter involving a claim of insurance fraud with pending litigation in New York state court, this Court found it proper to apply abstention principles under the Declaratory Judgment Act, where plaintiff did not specifically invoke 28 U.S.C. § 2201, but sought declaratory relief).

3

> In a case of actual controversy . . . within its jurisdiction, . . . any court of the
> United States, upon the filing of an appropriate pleading, may declare the rights
> and other legal relations of any interested party seeking such declaration, whether
> or not further relief is or could be sought. Any such declaration shall have the
> force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. Under the Declaratory Judgment Act, district courts have the discretionary power to abstain from exercising jurisdiction over declaratory suits that otherwise satisfy federal subject matter jurisdiction. *Wilton*, 515 U.S. at 283 (1995). Thus, in actions seeking declaratory relief, federal courts have the power to stay the action, dismiss the suit, or remand it to state court based on abstention principles. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996); *see also Marran v. Marran*, 376 F.3d 143, 155 (3d Cir. 2004) (recognizing that in cases removed from state court, application of the abstention doctrine was proper for declaratory judgment actions); *Dellegrippo v. Met Life*, No. 06-4020, 2007 U.S. Dist. LEXIS 13548 (D.N.J. Feb. 28, 2007) (remanding a declaratory judgment action involving questions of insurance liability because fully adjudicating the matter would interfere with the state tortious action).

When considering whether to exercise jurisdiction over a matter in which only a declaratory judgment is sought or to otherwise abstain, the Supreme Court has indicated that the critical question is "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Brillant v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). In the event a court finds it appropriate to abstain from exercising jurisdiction, it may decide to remand the entire controversy to the state court proceeding. *Marran*, 376 F.3d at 155. A court making such an analysis, however, first must consider the following factors to ensure that abstention and/or remand is appropriate:

> [(1)] the scope of the pending state court proceeding and the nature of the defenses open there. . . . [(2)] whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, [(3)] whether necessary parties have been joined, [and (4)] whether such parties are amenable to process in that proceeding, etc.

*Brillant*, 316 U.S. at 495; *see also Wilton*, 515 U.S. at 277 (upholding the application of *Brillant* factors, noting: "Distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River*.") Importantly, under the Declaratory Judgment Act, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. Thus, the statute "confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287.

In addition to the *Brillant* factors addressed above, when assessing whether to abstain from a declaratory judgment action, the Third Circuit has held that the following additional criteria should also be considered:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of [the] obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation; and
>
> (4) the availability and relative convenience of other remedies.

*United States v. Pa., Dep't of Envtl. Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991) (citation omitted). Also, when the subject of the declaratory judgment suit specifically involves an insurance coverage issue, this Court must take notice of the following policies, principles and concerns:

>   (1) [that there is a] general policy of restraint when the same issues are pending in state court;
>
>   (2) [whether there is] [a]n inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
>   (3) [a court's] avoidance of duplicative litigation[;] . . . [and]
>
>   (4) the state's interest in determining issues of state law . . . .

*Atl. Mut. Ins. Co. v. Gula*, 84 Fed. Appx. 173, 174-75 (3d Cir. 2003) (quoting *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000) and *State Auto Mut. Ins. Co. v. Toure*, No. 02-7986, 2003 U.S. Dist. LEXIS 15495, at *5 (E.D. Pa. Aug. 7, 2003)) (internal quotation omitted)).

Here, after careful consideration of the underlying facts, the Undersigned finds good cause to recommend that this Court abstain from exercising jurisdiction over Plaintiff's declaratory judgment action. In the instant matter, Plaintiff's Amended Complaint seeks declaratory judgment against the Defendants based on the same issues that are currently being litigated in the state court proceedings, including the question of the primary insurer of the lift truck. (*See* Doc. Nos. 36, 37, 38 (letters submitted to the Court between June 24, 2011 and June 27, 2011, summarizing the status of the underlying state claim).) As there is a general "policy of restraint when the same issues are pending" in state court, this Court must abstain from interfering in questions of such insurance coverage and, as such, it is appropriate for this Court to abstain in the instant matter. *See Gula*, 84 Fed. Appx. at 174-75. Indeed, a final adjudication would offend comity since issues of primary liability cannot be decided without interfering with the state court action.

Furthermore, the underlying facts in this matter exemplify the "inherent conflict" arising from an insurer's duty to defend in state court while ultimately denying coverage in federal

6

court. *See id.* While QBE is not explicitly claiming policy exclusion in this action, it seeks a declaration of primary coverage by another insurer. The existence of this federal, declaratory claim provides QBE and the other insurers with some incentive to forestall the state proceedings until questions of indemnity have been decided in contradiction with the insurers' underlying duty to defend. Remanding the declaratory action will allow the state court to adequately adjudicate all matters under one complete litigation. Clearly, such a result will avoid "duplicative litigation," as well as preserve judicial and economic resources. *See Pa., Dep't of Envtl. Res.*, 923 F.2d at 1075; *Gula*, 84 Fed. Appx. at 175.

Accordingly, the Court finds that state court is the adequate forum to properly adjudicate all of the parties' claims. Since the issues raised in the underlying state proceeding now involve the same issues of insurance coverage addressed in Plaintiff's Amended Complaint, the state proceeding will afford an adequate opportunity for all parties to resolve any related claims. While TNT is not a party to the underlying state action, a determination as to Plaintiff's request for declaratory judgment regarding the primary insurer will necessarily affect the outcome of the state action with or without TNT. *See Dellegrippo*, 2007 U.S. Dist. LEXIS 13548 (remanding a declaratory judgment action although one insurer was not party to the state action yet). Additionally, by remanding the action, instead of outright dismissing same, TNT will be able to pursue relief from the state court that is available by law. Indeed, the parties can certainly move to add TNT to the underlying state court proceeding, if deemed necessary or appropriate. The fact that additional time has been granted to complete discovery and the trial is not scheduled until September certainly provides additional support for this Court to abstain from adjudicating this matter. Remanding this matter back to state court for purposes of avoiding duplicative litigation

and in furtherance of the state's interests to adjudicate insurance coverage matters based on state law, certainly warrants this Court's abstention.

Accordingly, the Undersigned finds that abstention and remand is warranted. The question in controversy between the parties is better settled in the underlying state court proceedings, as the same issues are currently being adjudicated. While TNT is not a party to the existing state claim, on remand, the state forum can adequately adjudicate all parties' claims as to the issue of primary coverage. In the interest of comity and "wise judicial administration," the Undersigned respectfully recommends this Court remand Plaintiff's amended Complaint.

### III.   CONCLUSION

Based on the foregoing, and for other good cause shown, it is respectfully **RECOMMENDED** that this Court abstain from exercising jurisdiction over this declaratory judgment action. It is further **RECOMMENDED** that this matter be remanded back to the New Jersey Superior Court of New Jersey, Law Division in Essex County.

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**